PATTERSON BELKNAP WEBB & TYLER LLP
Steven A. Zalesin (*pro hac vice* application to be filed)
sazalesin@pbwt.com
Jane Metcalf (*pro hac vice* application to be filed)
jmetcalf@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 336-2000
Facsimile:   (212) 336-2222

CARLTON FIELDS, LLP
Mark A. Neubauer (SBN 73728)
mneubauer@carltonfields.com
Kim S. Zeldin (SBN 13580)
kzeldin@carltonfields.com
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone:   (310) 843-6300
Facsimile:   (310) 843-6301

*Attorneys for Defendants The Glad Products Company and The Clorox Company*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG WOOLARD, on Behalf of Himself and All Others Similarly Situated,<br><br>PLAINTIFF,<br><br>VS.<br><br>THE GLAD PRODUCTS COMPANY, a Delaware Corporation, and THE CLOROX COMPANY, a Delaware Corporation,<br><br>DEFENDANTS. | Case No.: **'24CV0829 AJB  DDL**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Removed from the Superior Court of California, San Diego County, Case No. 37-2024-00016126-CU-BT-CTL |

TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that The Glad Products Company and The Clorox Company (collectively "Defendants") hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 from the Superior Court for the State of California for the County of San Diego to the United States District Court for the Southern District of California. Defendants are represented by the undersigned counsel and consent to this Notice of Removal. The grounds for removal are set forth below.

1. On April 5, 2024, Plaintiff Craig Woolard commenced this action by filing a Class Action Complaint in the Superior Court for the State of California for the County of San Diego, captioned *Craig Woolard, on Behalf of Himself and All Others Similarly Situated vs. The Glad Products Company, a Delaware Corporation, and The Clorox Company, a Delaware Corporation*, Case No. 37-2024-00016126-CU-BT-CTL. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court.

2. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as Defendants have not received service of a copy of the initial pleading or summons by the date of this Notice of Removal.

3. This action is properly removed to the United States District Court for the Southern District of California, and venue is proper in this District, because the Superior Court for the State of California for the County of San Diego, in which this action was originally filed, is within the Southern District of California. *See* 28 U.S.C. §§ 84(d), 1441(a).

4. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served upon Plaintiff's counsel, and a Notice of Filing of Notice of

1  Removal is being filed with the Clerk of the Superior Court for the State of California for the County of San Diego.

5.  The Court has jurisdiction under the Class Action Fairness Act of 2005, Pub L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified at, *inter alia*, 28 U.S.C. §§ 1332(d), 1441(a), 1452, and 1453. As detailed below, this is a putative class action, comprised of more than 100 members, which places in controversy more than $5 million, and there is minimal diversity between the parties.

## PLAINTIFF'S COMPLAINT

6.  Plaintiff alleges that he is a citizen of San Diego County, California. Cmplt. ¶ 4.

7.  The Complaint names The Glad Products Company as a defendant and Plaintiff alleges that The Glad Products Company is a Delaware corporation headquartered in Oakland, California, with its principal place of business in Oakland, California. Cmplt. ¶ 5.

8.  The Complaint names The Clorox Company as a defendant and Plaintiff alleges that The Clorox Company is a Delaware corporation headquartered in Oakland, California, with its principal place of business in Oakland, California. Cmplt. ¶ 6.

9.  Plaintiff's claims relate to Glad® Recycling bags, which are sturdy translucent bags designed to hold recyclable waste (the "Products").

10.  Plaintiff claims that Defendants' packaging and labeling of the Products, including the name "Recycling" bags, the circular or "chasing arrows" symbol, and the statement that the Products are "Designed for Municipal Use" (collectively the "Challenged Representations"), misleads reasonable consumers to believe that the Products are suitable for recycling and fit for municipal use throughout California and the United States. Cmplt. ¶¶ 28, 38, 40.

11.  Plaintiff contends that he and other consumers have suffered injury

because they would not have purchased the Products or would not have paid a "price premium" for them had they known that the Products did not have the attributes claimed, promised, warranted, advertised, and/or represented. Cmplt. ¶¶ 85, 107.

12. Plaintiff purports to assert claims under California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* (Count I), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Count II), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* (Count III); and unjust enrichment (Count IV).

13. Plaintiff seeks to litigate his claims on behalf of himself and a proposed "National Class" defined as "[a]ll persons in the United States who purchased the Products during the applicable statute of limitations," and a proposed "California Sub-Class" defined as "[a]ll persons in the State of California who purchased the Products during the applicable statute of limitations." Cmplt. ¶ 65.

14. Among other forms of relief, Plaintiff seeks class certification, declaratory relief, an injunction, damages, restitution and/or disgorgement, civil penalties, punitive damages, attorney's fees and costs, and prejudgment interest. Cmplt. Prayer for Relief.

**BASIS OF FEDERAL JURISDICTION UNDER
THE CLASS ACTION FAIRNESS ACT**

15. This action is removable to this Court because federal diversity jurisdiction exists over Plaintiff's claims pursuant to CAFA.

16. Congress enacted CAFA to enlarge federal jurisdiction over class actions. CAFA applies to any civil action commenced on or after February 18, 2005. This action was commenced on August 16, 2023, well after CAFA's effective date.

17. CAFA provides that a putative class action against a non-governmental entity may be removed to federal court if: (a) the number of proposed class members

is not less than 100; (b) any member of the proposed class is a citizen of a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) & 1453(b). As set forth below, each of these requirements is satisfied.

### A. There Are More Than 100 Putative Class Members

18. CAFA's first requirement, that the proposed class contain at least 100 members, is satisfied. *See* 28 U.S.C. § 1332(d)(5).

19. Plaintiff's proposed class is defined as "[a]ll persons in the United States who purchased the Products during the applicable statute of limitations" (National Class) and "[a]ll persons in the State of California who purchased the Products during the applicable statute of limitations." (California Sub-Class). Cmplt. ¶ 65.

20. Plaintiff acknowledges that the members of the class are "numerous" and states that he believes that "the total number of Class members is at least in the tens of thousands." Cmplt. ¶ 67.

21. It is therefore reasonable to assume that there are far more than 100 members in the putative class.

### B. Minimal Diversity Exists Between The Parties

22. CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, is also satisfied. *See* 28 U.S.C. § 1332(d)(2).

23. At the time this lawsuit was filed, and at all other times relevant to this lawsuit, The Glad Products Company has been incorporated in Delaware and has maintained its principal place of business in California. *See* Exhibit B. Thus, The Glad Products Company is a citizen of California and Delaware for purposes of CAFA. *See* 28 U.S.C. § 1332(c)(1).

24. At the time this lawsuit was filed, and at all other times relevant to this

lawsuit, The Clorox Company has been incorporated in Delaware and has maintained its principal place of business in California. *See* Exhibit C. Thus, The Clorox Company is a citizen of California and Delaware for purposes of CAFA. *See* 28 U.S.C. § 1332(c)(1).

25. Plaintiff purports to represent a class of "[a]ll persons in the United States who purchased the Products during the applicable statute of limitations" Cmplt. ¶ 65. In fact, Plaintiff alleges that "members of the Class are numerous and geographically dispersed throughout California and the United States." Cmplt. ¶ 67. As such, it is reasonable to assume that at least one member of the putative class is a citizen of a state other than California.

26. Diversity of citizenship therefore exists between at least one proposed class member and Defendants, satisfying 28 U.S.C. § 1332(d)(2).

### C. The Amount In Controversy Exceeds $5 Million

27. CAFA's final requirement—that the amount in controversy, exclusive of interest and costs, exceed $5 million—is also satisfied. *See* 28 U.S.C. § 1332(d)(2).

28. Although Defendants dispute the allegations in the Complaint and deny all liability and damages, Plaintiff's allegations and prayer for relief, irrespective of their merit, place in controversy an amount greater than $5 million.

29. Prior to filing this action in California state court, Plaintiff filed an identical action against Defendants in this Court. *See Woolard v. The Glad Products Co. and The Clorox Co.,* No. 24 CV 0504 (JO) (filed March 15, 2024). In that complaint, Plaintiff expressly alleged that "the amount in controversy exceeds $5 million." *Id.*, Dkt. No. 1 ¶ 1. Plaintiff subsequently filed a Notice of Voluntary Dismissal of that action, and refiled the case in state court. Nevertheless, it is reasonable to assume, on the basis of Plaintiff's initial complaint in this Court, that CAFA's amount-in-controversy requirement is met.

30. In any event, where, as here, the state-court complaint itself does not set forth a specific sum of damages sought, a defendant need only make a "plausible allegation" that the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The defendant need not make "evidentiary submissions" to establish the amount in controversy, but a district court may consider "summary judgment-type evidence" if the defendant elects to offer it. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

31. On behalf of the putative National Class and California Sub-Class, Plaintiff seeks, *inter alia*, declaratory relief, an injunction, damages, restitution and/or disgorgement, civil penalties, punitive damages, attorney's fees and costs, and prejudgment interest. Cmplt. Prayer for Relief.

32. During the four calendar years prior to the filing of the Complaint, retail sales of the Products in the United States totaled $12,927,596. DeBonis Decl. ¶ 4. In 2023, retail sales of the Products were $2,267,560. In 2022, retail sales of the Products were $2,980,433. DeBonis Decl. ¶ 4. In 2021, retail sales of the Products were $3,601,063. And in 2020, retail sales of the Products were $4,078,541. DeBonis Decl. ¶ 4. CAFA's $5 million amount-in-controversy requirement, therefore, is satisfied on the basis of Plaintiff's restitution demand alone, without considering any other requested relief.

33. Plaintiff also seeks injunctive relief requiring Defendants to change their business practices, which may include one or more of the following: removal or modification of the Challenged Representations on the Products' labels and/or packaging; removal or modification of the Challenged Representations in the Products' advertising; modification of the Products so that they live up to the Challenged Representations; recall of the Products; and/or discontinuance of the Product's manufacture, marketing, and/or sale. Cmplt. Prayer for Relief E, F, H. It is common sense that complying with these demands would impose hundreds of

thousands, if not millions, of dollars in costs on Defendants. These sums are also included in the amount in controversy, driving it even further above $5 million. *See Tuong Hoang v. Supervalu Inc.*, 541 F. App'x 747, 747–48 (9th Cir. 2013); *see also Int'l Padi, Inc. v. Diverlink*, 2005 U.S. App. LEXIS 14234, at *3-4 (9th Cir. July 13, 2005) ("[I]n determining the amount in controversy, we may also include the value of the requested injunctive relief to either party.").

34. Plaintiff also seeks payment of attorney's fees (Cmplt. Prayer for Relief I), which further increases the amount in controversy above $5 million. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in the amount in controversy in a class action.").

35. Accordingly, based on the Complaint's demands for restitution, injunctive relief, and attorney's fees, Defendants have plausibly alleged that the amount in controversy, exclusive of interest and costs, exceeds CAFA's $5 million jurisdictional threshold.

### D. None of CAFA's Jurisdictional Exceptions Applies Here

36. To effect removal, Defendants' only burden is to plausibly allege that CAFA's three jurisdictional requirements are met. Defendants do not have the burden to allege or prove the *inapplicability* of CAFA's jurisdictional exceptions found in 28 U.S.C. § 1332(d)(3) and (d)(4). The burden of asserting and proving the applicability of those exceptions lies squarely with Plaintiff. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

37. For the avoidance of doubt, however, none of CAFA's jurisdictional exceptions could apply in this case.

38. 28 U.S.C. § 1332(d)(4)(A)—the so-called "local controversy" exception—requires a district court to decline jurisdiction over a removed class

action under certain circumstances. However, there are at least two reasons why the exception does not apply here.

39. First, for the "local controversy" exception to apply, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate" must be "citizens of the State in which the action was originally filed." *Id.*

40. This requirement is not met here. Plaintiff's proposed class is defined as "[a]ll persons in the United States who purchased the Products during the applicable statute of limitations" (National Class) and "[a]ll persons in the State of California who purchased the Products during the applicable statute of limitations." (California Sub-Class). Cmplt. ¶ 65. Plaintiff also alleges that there are "tens of thousands" class members. Based on these allegations and in view of Defendants' nationwide sales footprint, Plaintiff cannot show that the California Sub-Class members comprise more than two-thirds of the total putative class members.

41. Second, the "local controversy" exception applies only where the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III).

42. Here, the Products at issue were advertised and sold on a nationwide basis—not merely in California. Therefore, to the extent the advertising and sale of the Products caused any injury (which Defendants deny), that injury was distributed across the nation and did not occur "principal[ly]" in California. *See Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086–87 (N.D. Cal. 2011) ("If the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for [the 'local controversy'] exception, even if it were brought only as a single-state class action. In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged

conduct—not just where the proposed class members were injured.").

43. 28 U.S.C. § 1332(d)(4)(B)—the so-called "home state" exception—requires a district court to decline jurisdiction over a removed class action under certain circumstances. One of the necessary prerequisites for this exception is that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" must be "citizens of the State in which the action was originally filed." *Id.*

44. For the reasons discussed above, Plaintiff cannot satisfy the requirement to demonstrate that two-thirds or more of the members of all proposed plaintiff classes are California citizens.

45. Lastly, 28 U.S.C. § 1332(d)(3)—the so-called "interests of justice" exception—*permits* a court to decline jurisdiction over a removed class action "in the interests of justice," in its discretion, under certain circumstances.

46. One necessary prerequisite for this exception is that "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). For the reasons discussed above, this mandatory prerequisite is not met here, because Plaintiff cannot demonstrate that at least one-third of putative class members are California citizens.

47. Even if this mandatory prerequisite were met, the six discretionary factors relevant to the "interests of justice" exception also militate in favor of retaining jurisdiction. For example, because the Products were advertised and sold nationwide and many of the factual allegations underlying Plaintiff's claims focus on the contamination that allegedly resulted from non-recyclable plastic waste nationwide, and on federal regulation of recyclability claims, including standards set by the Federal Trade Commission (*see* Cmplt. ¶¶ 13, 14, 22), the underlying controversy is a "matter of national or interstate interest," 28 U.S.C. § 1332(d)(3)(A) and is not "local" to California. *See, e.g., Melissa D. Duflock Revocable Tr.*, 2013

U.S. Dist. LEXIS 115113, at *6–21 (citing Rep. 109–14, 36, 2005 U.S.C.C.A.N. 3, 35); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1068 (N.D. Cal. 2011).

48. In sum, although Defendants do not bear the burden of establishing that CAFA's jurisdictional exceptions are inapplicable, Defendants have nonetheless shown their inapplicability.

## **CONCLUSION**

49. For the foregoing reasons, this action is properly removed to this Court.

50. Defendants reserve the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under the Federal Rule of Civil Procedure 12.

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court for the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Superior Court of the State of California, County of San Diego and served upon Plaintiff's counsel.

DATED: May 10, 2024

PATTERSON BELKNAP WEBB & TYLER LLP

CARLTON FIELDS, LLP

By: */s/ Mark A. Neubauer*
Mark A. Neubauer

Attorneys for Defendants The Glad Products Company and The Clorox Company

# CERTIFICATE OF SERVICE

I, Mark A. Neubauer, hereby certify that, on May 9, 2024, a true and correct copy of the foregoing Notice of Removal, along with all exhibits thereto, was served upon counsel for Plaintiff by regular first-class mail, postage prepaid, addressed to:

Manfred, APC
Manfred Muecke (222893)
600 W Broadway, Ste 700
San Diego, CA 92101-3370

DATED: May 10, 2024            CARLTON FIELDS, LLP


By:   */s/ Mark A. Neubauer*
Mark A. Neubauer
Attorneys for Defendants The Glad Products Company and The Clorox Company